Filed 7/31/14  P. v. Stapleton CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060812 |
| v. | (Super.Ct.No. RIF1104336) |
| LARRY LEE STAPLETON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Rafael A. Arreola, Judge. (Retired judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Larry Stapleton appeals from the superior court's order denying his motion to reduce his felony conviction to a misdemeanor, terminate his probation early, and expunge his record.  As discussed below, we affirm.

1

On August 9, 2011, the People filed a felony complaint charging defendant with inflicting corporal punishment on a child resulting in a traumatic condition (Pen. Code, § 273d, subd. (a)),[2] false imprisonment (§ 236), and criminal threats (§ 422).

On September 20, 2011, defendant pled guilty to criminal threats in exchange for the other two counts being dismissed.

On October 13, 2011, the trial court placed defendant on formal probation for 36 months, including a condition that he serve 70 days in county jail.

A minute order dated June 14, 2013, shows the trial court heard and denied a motion by defendant, acting in pro per, to terminate his probation early pursuant to section 1203.3.

On January 16, 2014, defendant, acting in pro per, filed a motion to reduce his felony conviction to a misdemeanor pursuant to section 17, subdivision (b), terminate his probation early pursuant to section 1203.3, and expunge his record pursuant to section 1203.4.

On February 4, 2014, the superior court heard and denied defendant's motion, commenting that "It appears that you're still not accepting responsibility for your actions, and you appear to think that for a 422 you need actual injury and serious injury. Maybe you don't understand. A 422 doesn't require any injury at all. It's a threat to somebody;

---

[1] Defendant pled guilty early in the proceedings, so the record contains few reliable facts about the charged offenses.

not an injury to somebody. So I don't know if you completed—it appears you may have completed domestic violence courses, but I'm not sure if you actually learned from it if you're making the comment that you're making."

This appeal followed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but, surprisingly, given the length of his January 16, 2014 motion and extended notice of appeal, he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

---

**2** All section references are to the Penal Code unless otherwise indicated.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ  _____
                                    P. J.

We concur:

RICHLI  _____
                        J.

MILLER  _____
                        J.

4